835 F.2d 878
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas R. KELLY, Plaintiff-Appellant,
v.
GEORGIA-PACIFIC CORPORATION, Defendant-Appellant.
 No. 86-3828.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1987.
 
 Before NATHANIEL R. JONES, RALPH B. GUY, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 On September 15, 1984, the defendant (Georgia-Pacific) discharged plaintiff Kelly from his position as a paper products salesman. Kelly responded by filing this lawsuit alleging violation of both federal and state law. The federal claims included age discrimination, handicap discrimination, and violation of section 510 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Sec. 1140. The state claims included wrongful discharge in violation of public policy, breach of an alleged covenant of good faith and fair dealing, breach of contract, promissory estoppel, defamation, and negligent termination.
 
 
 2
 On February 10, 1986, Georgia-Pacific moved for summary judgment on all the federal and state claims. Kelly filed a response and voluntarily dismissed his claim for violation of section 510 of ERISA. Kelly continued to assert his claim of age discrimination and all but one of his state law claims. However, on June 17, 1986, Kelly filed a motion to amend his complaint to reassert the ERISA claim which he had voluntarily dismissed three months earlier. The district court allowed Kelly to reassert the ERISA claim.
 
 
 3
 On July 29, 1986, the district court granted Georgia-Pacific's motion for summary judgment on both the age discrimination and ERISA claims, and declined to exercise pendent jurisdiction over the state law claims. In response, Kelly filed a motion "for relief from judgment" claiming error in the district court's disposition of the age discrimination and ERISA claims. The district court held oral argument on Kelly's motion and on August 27, 1986, issued an order which denied Kelly's motion for relief. This appeal followed.
 
 
 4
 On appeal Kelly has elected to pursue only his ERISA cause of action. He claims that summary judgment was improper since there were genuinely disputed issues as to material facts. Upon a review of the record, we conclude that Judge Dowd properly granted summary judgment and we affirm on the basis of the district court's well-reasoned opinions of July 29, 1986, and August 27, 1986. We write briefly in addition only for the purpose of further clarification on the propriety of granting a summary judgment in this case.
 
 
 5
 Shortly before summary judgment was granted in this case, the Supreme Court decided Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). In Celotex, the Court stated:
 
 
 6
 We think that the position taken by the majority of the Court of Appeals is inconsistent with the standard for summary judgment set forth in Rule 56(c) of the Federal Rules of Civil Procedure. Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.
 
 
 7
 Id. at 2552-53 (footnote omitted).
 
 
 8
 Although there is no doubt that one can find considerable case law indicating that summary judgment is a drastic remedy to be used only under the clearest of circumstances, it is apparent from Celotex that the court's focus should not be on the end result but, rather, on whether the non-moving party can demonstrate the ability to establish the elements of his case on defense.
 
 
 9
 Kelly has attempted here to create disputed facts by setting forth a laundry list of defendant's allegations which he denies. If this were an acceptable method of meeting a summary judgment motion, one would never be granted. What plaintiff overlooks is that the fact or facts in dispute must be material and, further, that a party may not stand on his pleadings or general denials but must make a "showing sufficient to establish the ... element[s] essential to that party's case...." Ibid.
 
 
 10
 In a section 510 ERISA case, it is clear that a plaintiff must prove specific intent to establish a violation. McKay v. Capital City Communications, Inc., 605 F.Supp. 1489 (S.D.N.Y.1985). In order to recover under section 510, it must be shown "that the reasons given by the employer for the plaintiff-employee's termination were pretextual and ... the true purpose of the discharge was to deprive the employee of his pension rights." Ferguson v. Freedom Forge Corp., 604 F.Supp. 1157, 1162 (W.D.Pa.1985). Section 510 affords no relief for unfair or ill-considered discharges but, rather, was intended to prevent "unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights." West v. Butler, 621 F.2d 240, 245 (6th Cir.1980).
 
 
 11
 At this summary judgment stage, Kelly was not able to demonstrate that he could meet the burden of showing pretext. He was a salesperson in a geographic area which was no longer profitable. Kelly admits that the only way he could be competitive in this area was for Georgia-Pacific to have lowered its prices which it refused to do. Georgia-Pacific had already closed down its comparable Chicago sales area and had been consolidating both its managerial and travelling sales force. It hired no one to replace Kelly.
 
 
 12
 In contravention of Georgia-Pacific's demonstration of legitimate business reasons for Kelly's termination, Kelly offers little more than to show he was terminated at a time close to when he could have received additional benefits ($7,000) and shortly after he had a kidney operation. As to the latter factor, the record is clear that but for the kidney operation Kelly would have been terminated earlier.
 
 
 13
 In this case at the trial level extensive discovery was conducted and completed. This was not an instance when the plaintiff was denied the opportunity to develop fully his case. Judge Dowd had the complete set of facts before him and appropriately concluded that the defendant was entitled to summary judgment.
 
 
 14
 AFFIRMED.